*Frank W. Stevens* for respondent

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
THEODORE HOFFMAN, Appellant.

(Argued January 29, 1884; decided February 5, 1884.)

*B. W. Travis* and *Hiram Paulding* for appellant.

*Nelson H. Baker* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

---

PATRICK SHEAHAN, Appellant, *v.* THE NATIONAL STEAMSHIP
COMPANY, Respondent.

(Argued January 23, 1884 ; decided February 5, 1884.)

*John Chetwood* for motion.

*Patrick Sheahan* opposed.

Motion to dismiss appeal granted ; no opinion.
All concur.

---

HENRY C. SIMMS, Respondent, *v.* GEORGE VOGHT et al., Appellants.

(Submitted January 16, 1884 ; decided February 8, 1884.)

THIS was an action of ejectment to recover possession of certain premises situated in the city of Brooklyn.

Plaintiff claimed title under a deed given on a foreclosure sale. It was conceded that the mortgagor was at the time of the execution of the mortgage the owner in fee of the premises. Defendants claimed the right of possession under certain leases and certificates on sale of the premises for non-payment of taxes and water rents.

The opinion, which is given in full, states the facts so far as pertinent to the points presented.

"It must be assumed that the various leases and certificates given by the city of Brooklyn upon sale of the premises in question for non-payment of taxes and water rents, and under which the defendant claims title and possession, were invalid by reason of defects pointed out at the trial, for the appellant in no respect controverts the grounds upon which their insufficiency was adjudged. His claim is that 'whether they were valid or invalid, the plaintiff's title was taken subject and subordinate to them. This contention is placed upon the usual direction to the referee contained in the judgment of foreclosure, 'that out of the moneys arising from the sale of the mortgaged premises,' he shall retain 'the amount of any lien or liens upon them at the time of such sale, for taxes or assessments.' It is not pretended that any money was retained for that purpose, or that the purchaser undertook their payment. It may, however, be granted that the purchaser took his title subject to any lien which then existed. But the judgment in favor of the plaintiff was predicated upon the finding that no lien was imposed by the tax proceedings, and if invalid, the defendants could acquire no right under them.

"It is also contended by the appellants that no evidence was given of the value of the rents and profits, and, therefore, that the trial judge erred in allowing for them more than a nominal amount. We are, however, referred to no exception which raises this question, and can find only the general exception to each and every part of the finding and conclusion of the trial court. This, as is well settled, is insufficient if any part of the conclusion is good, and as we have already seen the judgment, in its general aspect, is without error. If the appellants are right upon the point now raised, the excess is definite and cer-

tain, and in such a case judgment will not be reversed on account of it, if the prevailing party is willing to remit, and that he may make his election at the earliest opportunity, the error should be pointed out. (*McMahon* v. *N. Y. & E. R. R. Co.*, 20 N. Y. 463.) So far as the record shows, the point is made now for the first time. It cannot prevail. The other grounds argued relate to mere irregularities in the proceedings of foreclosure, and are not available in this action.

"The judgment appealed from should be affirmed, with costs."

*John H. Clayton* for appellants.

*D. P. Barnard* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.

---

JOHN J. TOWNSEND, Respondent, *v.* THE NEW YORK LIFE INSURANCE AND TRUST COMPANY as Administrator, etc., Appellant.

(Argued January 21, 1884 ; decided February 8, 1884.)

REVERSED on the ground that there was not evidence sufficient to sustain certain of the referee's findings of fact.

*Ira D. Warren* for appellant.

*Joseph H. Choate* for respondent.

DANFORTH, J., reads for reversal.
All concur.
Judgment reversed.